EDWARD L. GIDDINGS & another *vs.* RICHARD W. SEARS.

Brokers, having been ordered by a person to buy stock for him, bought and paid for it, took the certificate in their own name, offered to transfer the certificate to him, and demanded payment, but he neglected to pay. *Held*, that they could recover from him the price paid by them, and not merely the difference between that price and the market value of the stock on the day of their demand.

CONTRACT to recover money paid for two hundred shares of stock in the Huron Mining Company, bought for the defendant.

At the trial in this court, before *Gray*, J., the plaintiffs testified that, on February 28, 1867, the defendant, being in New York, ordered them by telegraph to buy the stock in question for him in Boston; that they did so, and telegraphed him that they had bought it "regular;" "that 'regular' was buy today and pay tomorrow on delivery of the stock;" "that the usage was, where brokers bought stock for another, and paid for it with their own funds, to buy the stock in their own names, have it

transferred to their personal credit at the time of paying for it, and hold it until reimbursed by their principal;" that they paid for the stock on March 1, and took a certificate thereof in their own names; that the defendant subsequently acknowledged that the stock was bought for him; that "on March 11 the plaintiffs called on the defendant, tendered him an account of the purchase, demanded payment, and offered to transfer the certificate to him, and the defendant promised to pay for the stock but asked for time;" that "the defendant never directed or suggested a sale of the stock, and the plaintiffs never did sell it, or tell him that they had sold it; and that the stock was now worthless." No objection was made to the competency of any of this testimony.

The defendant was permitted, "against the objection of the plaintiffs, and for the purpose of showing the relation in which the parties stood at the time of the order to buy the stock, to testify that he had for two or three years had dealings with the plaintiffs, in which he had ordered them to buy stocks 'regular,' and the usual course was for them to buy and pay for the stocks, and hold them a short time, and then sell them and receive or pay the difference in price." He also testified that on March 11 he instructed the plaintiffs to sell the stock now in question, and on the next day they told him they had sold it for the market price on that day, and demanded of him the balance, which was $2612; and that he promised to pay that sum if they would give him a little time.

" The defendant requested the judge to instruct the jury that, as the plaintiffs held the stock, they could recover only the difference between the price paid for it and its market value on the day of their demand. The judge declined so to rule; and instructed the jury that, if the stock was bought and held by the plaintiffs for the defendant, and he did not order it to be sold, they might recover the amount paid by them for the stock, with interest from the date of payment." The jury returned a verdict for the plaintiffs for the full amount claimed, and the judge reported the case for the determination of the full court; " if the ruling requested was rightly refused, judgment to be entered on

the verdict; otherwise, judgment to be entered for the plaintiffs for $2612, and interest from March 12, 1867."

*G. O. Shattuck & C. W. Huntington*, for the defendant, cited *Thompson* v. *Alger*, 12 Met. 428.

*N. Morse*, for the plaintiffs.

COLT, J.    There is nothing in the case which seems to require the instruction which the defendant requested.    Upon the defendant's evidence, it is plain that the plaintiffs purchased for him upon his order, and held the stock only as agents for him. The rule asked for is applicable only where the plaintiff seeks to recover damages for the breach of an executory contract of sale. The jury must have found, under the instructions given, that the stock was bought and held by the plaintiffs for the defendant, and that he did not order it to be sold.

*Judgment on the verdict.*